UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
CAROL A. STICKLE,
            Plaintiff,

v.

ASTORA WOMEN'S HEALTH, LLC, and
AMERICAN MEDICAL SYSTEMS, INC.,
            Defendants.
--------------------------------------------------------------x

**ORDER**

20 CV 8164 (VB)   10/5/20

      Plaintiff brings this action invoking subject matter jurisdiction by reason of diversity of citizenship under 28 U.S.C. § 1332(a)(1).

      To invoke diversity jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Thus, 28 U.S.C. § 1332 "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." Id.; see also Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). Specifically, 28 U.S.C. § 1332(a)(1) applies when the dispute is between "citizens of different States."

      "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000). "Domicile is 'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" Id. (quoting Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998)). "[R]esidence alone is insufficient to establish domicile for jurisdictional purposes." Van Buskirk v. United Grp. of Cos., Inc., 935 F.3d 49, 54 (2d Cir. 2019).

      "[A] corporation shall be deemed to be a citizen of any State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. 1332(c)(1); see also Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010). A limited liability company

1

("LLC") has the citizenship of each of its individual or entity members. Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51–52 (2d Cir. 2000).

The complaint alleges defendant Astora Women's Health, LLC ("Astora"), is a "Delaware corporation." (Doc. #1 ¶ 6). However, it appears from the "LLC" abbreviation at the end of Astora's name that the entity is a limited liability company for which plaintiff must allege the citizenship of each individual or entity member. Furthermore, the complaint alleges defendant American Medical Systems, Inc. ("AMS"), "was a Delaware corporation," but fails to allege where AMS maintained its principal place of business. (See id. ¶ 7).

Accordingly, by October 13, 2020, plaintiff's counsel shall submit a letter explaining in detail the citizenship of every party in this case so that the Court can determine whether it has subject matter jurisdiction.

Dated:  October 5, 2020
        White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge